UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X Case No.:
JULIO CESAR SILVERA-FERNANDEZ

                                *Plaintiffs*            **COMPLAINT**
                                                  **JURY TRIAL DEMANDED**

           -against-


IVAN DUQUE, and LA AGUACATALA LOUNGE INC.,
d/b/a EL ABUELO GOZON,
                                    *Defendants*
-------------------------------------------------------------------------X
Plaintiff JULIO CESAR SILVERA-FERNANDEZ alleges as follows as and for his complaint

against the Defendants, IVAN DUQUE, and LA AGUACATALA LOUNGE INC.,

d/b/a EL ABUELO GOZON as follows:

### NATURE OF THE ACTION

1.  Plaintiff JULIO CESAR SILVERA-FERNANDEZ ("Plaintiff") is a former employee of

the Defendants, IVAN DUQUE, and LA AGUACATALA LOUNGE INC., d/b/a EL ABUELO

GOZON.

2.  LA AGUACATALA LOUNGE INC., d/b/a EL ABUELO GOZON ("Corporate

Defendant") is a sports bar located at 79-03 Roosevelt Ave, Jackson Heights, NY 11372, where

Plaintiff was employed as a bathroom attendant for over twenty-two (22) years.

3.  Upon information and belief, Ivan Duque is the owner of LA AGUACATALA LOUNGE

INC., d/b/a EL ABUELO GOZON.

4.  At all the times mentioned hereinafter, the defendant, LA AGUACATALA LOUNGE

INC., was doing business as EL ABUELO GOZON and is a domestic business corporation

organized and existing pursuant to the laws of the State of New York.

1

5. Plaintiff now brings this action for unpaid wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district.

## PARTIES

8. At all times mentioned herein, Plaintiff was a resident of the County of Queens, State of New York.

9. Corporate Defendant LA AGUACATALA LOUNGE INC., d/b/a EL ABUELO GOZON is a domestic corporation incorporated in the State of New York.

10. Defendant, Ivan Duque ("Individual Defendant") owns the premises known as 79-03 Roosevelt Ave, Jackson Heights, NY 11372, where Corporate Defendants does business as a sports bar known as EL ABUELO GOZON.

11. Upon information and belief, LA AGUACATALA LOUNGE INC., d/b/a EL ABUELO GOZON, was and continues to be an enterprise engaged in commerce, or that handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce and has an annual gross volume of sales of not less than $500,000.00

2

**FACTS**

12. The plaintiff worked at EL ABUELO GOZON as a bathroom attendant for over twenty-two years.

13. EL ABUELO GOZON is open seven (7) days a week from 4 pm- 4 am.

14. His job duties included cleaning the bathroom, attending to drunk customers, handing out mints, towels and generally maintaining the bathroom.

15. Between 2018-2020, Plaintiff worked seven (7) days a week, from 10 pm- 4 am.

16. From 2020-2025, Plaintiff worked five days a week, from Wednesday-Sunday, from 10 pm – 4 am.

17. Regardless of the hours worked, Plaintiff was paid $125.00 per week.

18. The plaintiff was made to sign a weekly payroll or timesheet, stating he was paid $125.00 per week and $75.00 in tips, even though he hardly was given a tip by drunk customers.

19. Plaintiff was made to sign the weekly payroll or timesheet even though he is not fluent in English and cannot read or write in English, as Spanish is his native tongue and the langue he speaks fluently.

20. The plaintiff routinely worked 42 hours between 2018-2020 and 30 hours between 2020-2025 but was only paid $125.00 per week at all times mentioned herein.

21. Plaintiff was paid in cash and was never provided with any pay stubs.

22. The plaintiff asked for an increase in his wages but there was no change, and he finally quit, with his last day of employment being January 12, 2025.

**FIRST CAUSE OF ACTION**
**FLSA MINIMUM WAGE AND RECORD KEEPING VIOLATIONS**

23. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

24. At all times, relevant to this action, Defendants were Plaintiff's employer within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

25. Individual Defendant had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

26. Defendants, in violation of 29 U.S.C. § 206, failed to pay Plaintiff his minimum wage for each hour worked.

27. At all relevant times, Defendants willfully, regularly and repeatedly failed and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiffs.

28. Defendants' failure to pay Plaintiff was willful within the meaning of 29 U.S.C. §255(a).

**SECOND CAUSE OF ACTION**
**FLSA OVERTIME VIOLATIONS**

29. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

30. At all times, relevant to this action, Defendants were Plaintiff employer within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

31. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

32. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

4

33. At all relevant times, Defendants willfully, regularly and repeatedly failed and continue to fail to make, keep and preserve accurate records required by the FLSA with respect to Plaintiff, including records sufficient to accurately determine the wages and hours of employment pertaining to Plaintiff.

34. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

**THIRD CAUSE OF ACTION**
**NEW YORK STATE MINIMUM WAGE VIOLATION**
**NY LABOR LAW §§190 ET SEQ., AND 650 ET SEQ.,**

35. Plaintiff alleges and re-alleges the paragraphs above.

36. Defendants knowingly, willfully, and intentionally failed to compensate Plaintiff for the applicable minimum hourly wage in violation of N.Y. Lab. Law § 652.

37. Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay the wages required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to one hundred percent of the total of such under-payments found to be due to the Plaintiff(s).

38. Because of Defendants' willful violation of the NYLL, Plaintiff is entitled to recover from Defendants, his unpaid minimum wages and an amount equal to one hundred percent of their unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**NEW YORK STATE OVERTIME WAGE VIOLATIONS**

39. Plaintiff alleges and re-alleges the paragraphs above.

5

40. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

41. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiff at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

42. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs have sustained damages including loss of earnings, in an amount to be established at trial, prejudgment interest and costs, and attorneys' fees, pursuant to N.Y. Labor Law § 663.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORD KEEPING**
**NEW YORK LABOR LAW**

43. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44. New York labor law §195(1) mandates that all employers disclose in writing the manner in which an employee is compensated and the employee's rate of pay, amongst other things.

45. New York labor law §195(3) requires that employers furnish each employee with a statement with every payment of wages, listing, amongst other things, the dates of work covered by the payment of wages, and the rates of pay and the basis thereof.

46. Defendants did not provide such statements to the Plaintiff with every payment of his wages.

47. Defendants routinely and customarily violated the provisions of the said New York Labor Law by refusing to provide employees with information regarding the terms and conditions of their employment. Said conduct was willful.

6

48. As a result of the above-referenced violations of New York Labor Law §195, the Plaintiff is entitled to recover damages consistent with New York Labor Law §198, including damages for Defendants' willful conduct, in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff demands a trial by jury as to all issues in the above matter and respectfully requests that this Court enter judgment against Defendants, as follows:

A. Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

B. Declaring that Defendants' violations of the provisions of the FLSA were willful as to all the Plaintiff;

C. Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

D. Declaring that Defendants' violations of the provisions of the NYLL were willful as to all the Plaintiff;

E. For the First Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

7

F.  For the Second Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

G.  For the Third Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

H.  For the Fourth Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

I.  For the Fifth Cause of Action, awarding Plaintiff compensatory damages, liquidated damages, attorney fees and prejudgment interests in an amount to be determined at trial;

J.  Awarding Plaintiff his attorney's fees and costs; and,

K.  Granting such other and further relief as the Court deems just and proper.

Dated: Forest Hills, NY
January 21, 2025

Respectfully Submitted,
Law Offices of Supriya Kichloo, P.C.

*/s/Supriya Kichloo*
Supriya Kichloo, Esq.
*Attorneys for the Plaintiff,*
3100 47th Ave, Ste 3100
Long Island City, NY 11101
Tel: (480)381-1015
E: sk@kichloo.com