UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

JULIO CESAR SILVERA-FERNANDEZ,

               Plaintiff,

        v.

IVAN DUQUE, and LA AGUACATALA
LOUNGE INC. d/b/a EL ABUELO GOZON,

               Defendants.

--------------------------------------------------------------------

**MEMORANDUM & ORDER**
25-CV-486 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Julio Cesar Silvera-Fernandez commenced the above-captioned action on January 28, 2025, against Defendants Ivan Duque ("Duque") and La Aguacatala Lounge Inc., doing business as El Abuelo Gozon ("Corporate Defendant"). (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants violated the overtime, minimum wage and record keeping provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the minimum wage, overtime, and notice and record keeping provisions of the New York Labor Law, N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq*. ("NYLL"). (*Id.* ¶¶ 23–48.)

On July 14, 2025, Defendants moved to dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Plaintiff opposed the motion.[1] For the reasons set forth below, the Court grants in part and denies in part Defendants'

---

[1] (Defs.' Notice of Mot. to Dismiss ("Defs.'Mot."), Docket Entry No. 16; Defs.' Mem. in Supp. of Defs.'Mot. ("Defs.' Mem."), appended to Def.'s Mot., Docket Entry No. 16-1; Pl.'s Opp'n to Defs.' Mot. ("Pl.'s Opp'n"), Docket Entry No. 17; Defs.' Reply in Supp. of Defs.' Mot. ("Defs.' Reply"), Docket Entry No. 18.)

motion.  The Court grants Plaintiff leave to file an amended complaint within thirty days of the filing of this Memorandum and Order.

### I.    Background

Plaintiff is a former employee of Defendants and resides in Queens County, New York.[2] (Compl. ¶¶ 8, 12.)  Corporate Defendant is a domestic business corporation organized and existing under the laws of the State of New York, and located in Queens, New York.  (*Id.* ¶¶ 4, 9, 10.)  Duque is the owner of both the premises and Corporate Defendant.  (*Id.* ¶¶ 10, 3.)  Defendants employed Plaintiff "as a bathroom attendant for over twenty-two (22) years."  (*Id.* ¶¶ 2, 12.)

Plaintiff's duties "included cleaning the bathroom, attending to drunk customers, handing out mints, towels and generally maintaining the bathroom."  (*Id.* ¶ 14.)  "Between 2018–2020, Plaintiff worked seven (7) days a week, from 10 [P.M.] – 4 [A.M.]," (*id.* ¶ 15), and "[f]rom 2020–2025, Plaintiff worked five days a week, from Wednesday – Sunday, from 10 [P.M.] – 4 [A.M]," (*id.* ¶ 16).  From 2018 to 2025, Defendant paid Plaintiff $125 per week, (*id.* ¶ 17.)  Defendants made Plaintiff "sign a weekly payroll or timesheet, stating he was paid $125.00 per week and $75.00 in tips, even though he hardly was given a tip by drunk customers," (*id.* ¶ 18).  Defendants paid him in cash, (*id.* ¶ 21), and made him "sign the weekly payroll or timesheet even though he is not fluent in English and cannot read or write in English, as Spanish is his

---

[2]  The Court assumes the truth of the factual allegations in the Complaint for the purpose of deciding Defendants' motion to dismiss.  *See Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (noting that a court "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor" (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019))); *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (reviewing "*de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint literally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor" (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002))).

native tongue and the langu[ag]e he speaks fluently," (*id.* ¶ 19).  Plaintiff contends that he "routinely worked 42 hours between 2018–2020 and 30 hours between 2020–2025 but was only paid $125.00 per week at all times mentioned herein."  (*Id.* ¶ 20.)  After Defendants refused to increase his wages, Plaintiff left his position on January 12, 2025.  (*Id.* ¶ 22.)

## II.   Discussion

### a.   Standard of review

In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court "must construe [the Complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor."  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021) (citing *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)); *see also Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).  A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *New Yorkers for Religious Liberty, Inc. v. New York*, 125 F.4th 319, 327 (2d Cir. 2024) (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Matson v. Bd. of Educ. of City School Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024) (quoting *Matson*, 631 F.3d at 63) (same); *Cavello Bay Reinsurance Ltd. v. Shubin Stein*, 986 F.3d 161, 165 (2d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678) (same).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678; *see Roe*, 91 F.4th at 651 ("Although all factual allegations contained in the complaint are assumed to be true, this rule does not extend to legal conclusions.  'Threadbare recitals of the elements of a cause of

3

action, supported by mere conclusory statements, do not suffice.'" (quoting *Iqbal*, 556 U.S. at 678)).

### b.   Plaintiff has shown that Corporate Defendant is an eligible employer but fails to show that Duque is an employer

Defendants argue that Plaintiff has failed to establish that there was an "employment relationship" between Plaintiff and Defendants and the Court should therefore dismiss Plaintiff's motion with prejudice because "[i]t lacks the factual specificity necessary to establish that Plaintiff was an employee under [FLSA], or the [NYLL]." (Defs.' Mem 1.) Defendants contend that "[w]ith respect to . . . Duque, Plaintiff appears to impute liability solely based on his presumed role or title" and offers "no factual allegations to support a finding that Defendants exercised 'substantial control' over the 'terms and conditions of employment' under the applicable standard." (*Id*. at 7–8.)

Plaintiff argues that the Court should deny Defendants' motion because "the allegations give rise to a plausible inference that . . . Plaintiff was employed by the Defendants and that . . . Plaintiff is entitled to relief for [his] claims against Defendants." (Pl.'s Opp'n 9.) Plaintiff contends that he has alleged sufficient facts "to meet the employer-employee standard set in FLSA § 203." (*Id.*)

### i.   Corporate Defendant

"The FLSA contains two primary worker protections: first, it guarantees covered employees a federal minimum wage; and second, it provides covered employees the right to overtime pay at a rate of one-and-a-half their regular rate for hours worked above forty hours a week." *Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 402 (2d Cir. 2019) (footnotes omitted); *Jiang v. D&S Wedding Planner Inc.*, No. 22-CV-643, 2023 WL 6307813, at *4 (E.D.N.Y. Sep. 28, 2023) (quoting *Mei Xing*, 944 F.3d at 402); *see Cojom v. Roblen, LLC.*, No. 23-CV-1669,

4

2025 WL 1067129, at *3 (D. Conn. Apr. 9, 2025) ("The FLSA generally requires employers to pay their employees the federal minimum wage for every hour worked and to compensate employees for overtime, or hours worked in excess of forty hours a week, at a rate of one and one-half times the regular rate.").  To qualify as a covered employee, an employee must be either (1) "engaged in commerce or in the production of goods for commerce" (individual coverage) or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage).  29 U.S.C. §§ 206(a), 207(a)(1); *see Marcus v. Lominy*, No. 18-CV-1857, 2022 WL 493688, at *14 (S.D.N.Y. Feb. 17, 2022) ("FLSA coverage applies 'only to employees who are (1) personally engaged in interstate commerce or in the production of goods for interstate commerce (so called "individual coverage"), or (2) employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce (so-called "enterprise coverage").'" (quoting *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 120 (E.D.N.Y. 2011))).  The FLSA defines "[e]nterprise engaged in commerce or in the production of goods for commerce," as a business that (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) has an annual gross revenue of at least $500,000.  29 U.S.C. § 203(s)(1)(A); *see Mendez v. MCSS Rest. Corp.*, 564 F. Supp. 3d 195, 205 (E.D.N.Y. 2021) (defining the conditions for enterprise coverage).  As for the annual sales requirement, "virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Soto v. Miss Laser Inc.*, No. 19-CV-4745, 2023 WL 319547, at *4 (E.D.N.Y. Jan. 19, 2023) (quoting *Kantor v. Air Atl. Med., P.C.*, No. 19-CV-3597, 2021 WL 3888067, at *6 (E.D.N.Y. July 7, 2021)); *see also Quito v. Zheng*, 710 F. App'x 28, 29 (2d Cir. 2018) (noting that "annual sales exceeding $500,000 . . . is required for relief under the FLSA").  "Under the FLSA,

[p]laintiffs must establish that they or their employer was engaged in interstate commerce." *Maldonado v. Aangan of India LLC*, No. 20-CV-9598, 2024 WL 3910812, at *11 (S.D.N.Y. July 22, 2024) (citing *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 353 (E.D.N.Y. 2015)), *report and recommendation adopted*, 2024 WL 3887130 (S.D.N.Y. Aug. 20, 2024)

Plaintiff alleges in the Complaint that Corporate Defendant "was and continues to be an enterprise engaged in commerce" that "handle[s], sell[s] or otherwise work[s] on goods or materials that have been moved in or produced for commerce and has an annual gross volume of sales of not less than $500,000.00." (Comp. ¶ 11.) These allegations are sufficient to establish that Corporate Defendant qualifies as an enterprise engaged in interstate commerce.[3] *See Gumaneh v. Vilano Emp. Servs., Inc.*, No. 22-CV-774, 2023 WL 5715613, at *4 (S.D.N.Y. Sep. 5, 2023) (finding that the "[p]laintiffs . . . satisfied the minimal burden by alleging that [the d]efendants ] 'had revenues and/or transacted business in an amount exceeding $500,000' and conducted business in interstate commerce." (citations omitted)); *Pintor v. Park King at JFK, LLC*, No. 16-CV-6269, 2018 WL 2074157, at *3 (E.D.N.Y. Feb. 21, 2018) (finding the plaintiff's allegations that the "[d]efendants have had 'employees engaged in commerce,' handling selling or otherwise working on goods that have been moved in or produced by commerce, and that the volume of business exceeded $500,000" "sufficient to establish the [d]efendants' employer status." (citation omitted)).

---

[3] Because the Court finds that Corporate Defendant qualifies as an "employer" under the FLSA and, because "the NYLL's definition of 'employer' is coextensive with the FLSA's definition," Corporate Defendant also qualifies as Plaintiff's employer under the NYLL. *Bocon v. 419 Manhattan Ave. LLC*, No. 23-CV-3502, 2025 WL 832730, at *7 (E.D.N.Y. Mar. 18, 2025) (quoting *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-CV-2180, 2022 WL 1018791, at *7 (E.D.N.Y. Mar. 16, 2022), *report and recommendation adopted*, 2022 WL 1017753 (E.D.N.Y. April 5, 2022)), *report and recommendation adopted*, Order adopting R & R (E.D.N.Y. Mar. 31, 2025).

### ii. Duque

The FLSA creates liability for any "employer" who violates its terms. *See* 29 U.S.C. § 207(a)(1). Under the FLSA, an "employer" is defined broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d); *see also id.* § 203(a) (defining "person" as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons"). "Because the statute defines employer in such broad terms, it offers little guidance on whether a given individual is or is not an employer." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *see also Pierre v. City of New York*, No. 20-CV-5116, 2021 WL 3887912, at *6 (S.D.N.Y. Aug. 31, 2021) ("[U]ltimately, [the statute] 'offers little guidance on whether a given individual is or is not an employer.'" (quoting *Herman,* 172 F.3d at 139)). In making that determination, a court should focus on "whether the alleged employer possessed the power to control the workers in question[], with an eye to the 'economic reality' presented by the facts of each case." *Herman*, 172 F.3d at 139 (citations omitted).

Because the "economic reality" of a relationship is the primary consideration of the employer-employee relationship analysis for the purposes of the FLSA, the determination must be made on a case-by-case basis in light of the totality of the circumstances and cannot rest on "technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013); *see also Sanchez Juarez v. Siderakis*, No. 23-7972, 2024 WL 5135383, at *2 (2d Cir. Dec. 17, 2024) (summary order) ("[E]mployment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." (alterations in original) (quoting *Irizarry*, 722 F.3d at 104)). In determining whether a defendant is an "employer," as defined in the statute, the Second Circuit has identified four factors to consider, including, "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled

7

employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry*, 722 F.3d at 104–05 (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142 (2d Cir. 2008)); *see also Ocampo v. Brown & Appel, LLC*, No. 21-2579, 2022 WL 17684587, at *2 n.2 (2d Cir. Dec. 15, 2022) (summary order) (quoting same). These factors do not, however, "comprise a 'rigid rule for the identification of an FLSA employer,'" but rather provide a guideline "to ensure that the economic realities test mandated by the Supreme Court is sufficiently comprehensive and flexible to give proper effect to the broad language of the FLSA." *Irizarry*, 722 F.3d at 105 (quoting *Barfield*, 537 F.3d at 143); *see Sanchez Juarez*, 2024 WL 5135383, at *2 ("No one of the four factors standing alone is dispositive" (quoting *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018))). A district court is "also free to consider any other factors it deems relevant to its assessment of the economic realities." *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 71–72 (2d Cir. 2003).

Plaintiff has failed to plead sufficient facts to establish that Duque was his employer. In the Complaint, Plaintiff alleges that Duque "had the power to hire and fire Plaintiff[], controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment." (Compl. ¶ 25.) Plaintiff's allegations are the type of boilerplate allegation that courts in this circuit have consistently dismissed. *See Hernandez v. Lira of N.Y. Inc.*, No. 20-CV-4457, 2023 WL 2647639, at *4 (S.D.N.Y. Mar. 27, 2023) ("'Mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details — essentially 'a formulaic recitation of the elements of a cause of action'— are insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability as an employer under FLSA.'" (quoting *Diaz v. Consortium for Worker*

*Educ., Inc.*, No. 10-CV-1848, 2010 WL 3910280, at *4 (S.D.N.Y. Sep. 29, 2010))); *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588-89 (S.D.N.Y. 2020) (collecting cases); *see also Yongfu Yang v. An Ju Home, Inc.*, No. 19-CV-5616, 2020 WL 3510683, at *5 (S.D.N.Y. June 29, 2020) (rejecting boilerplate accusations against an individual defendant); *Serrano v. I. Hardware Distribs., Inc.*, No. 14-CV-2488, 2015 WL 4528170, at *3 (S.D.N.Y. July 27, 2015) (same); *cf. Hinckley v. Seagate Hosp. Grp., LLC*, No. 16-CV-6118, 2016 WL 6524314, at *11 (W.D.N.Y. Nov. 3, 2016) (denying a motion to dismiss where the plaintiff alleged that company CEO "is primarily responsible for implementing business decisions as they pertain to the [business], including but not limited to decisions concerning company labor guidelines, budgets, and other financial controls"); *Inclan v. New York Hosp. Grp., Inc.*, 95 F. Supp. 3d 490, 509 (S.D.N.Y. 2015) (granting plaintiffs summary judgment on individual liability where the sole owner of a restaurant signed the lease and held weekly meetings with the management team about wage and hour issues.)  Accordingly, the Court finds that Plaintiff has failed to plead that Duque was his employer.

### c.  Plaintiff has sufficiently alleged a minimum wage claim against Corporate Defendant

Both the FLSA and the NYLL contain provisions prohibiting employers from paying their employees a rate lower than a certain minimum hourly wage.  29 U.S.C. § 206(b); N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.3.  The minimum wage under the FLSA is $7.25 an hour.  29 U.S.C. § 206(a)(1)(C); *see, e.g.*, *Paschalidis v. Airline Rest. Corp.*, No. 20-CV-2804, 2021 WL 5013734, at *4 (E.D.N.Y. Oct. 28, 2021) (applying the $7.25 federal minimum wage to the plaintiff's employment during early 2020).  Under the NYLL, in Queens County the minimum wage for employees with ten or fewer employees was $12.00 in 2018 and $13.50 from 2019 through 2023.  NYLL § 652(1-a)(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.3.  For

employers with eleven or more employees, the minimum wage was $13.00 in 2018 and was $15.00 from 2019 through 2023.  NYLL § 652(1-a) (a); N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.3.  In 2024, for every employer regardless of size the minimum wage was $16.00 and $16.50 in 2025.  NYLL § 652(1-a)(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.3.

"Where a plaintiff brings claims under both the FLSA and the NYLL, he 'may not receive a double recovery of back wages' or liquated damages under both statutes."  *Rodriguez v. New Generation Hardware Store Corp.*, No. 22-CV-4422, 2023 WL 1516908, at *2 (S.D.N.Y. Feb. 3, 2023) (internal quotation marks omitted) (quoting *Hernandez v. JRPAC Inc.*, No. 14-CV-4176, 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016)); *see also Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2019 WL 8381264, at *11 (E.D.N.Y. Dec. 9, 2019) ("When [p]laintiffs bring both FLSA and NYLL minimum wage claims simultaneously, . . . double recovery is prohibited"); *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 498 (S.D.N.Y. 2017) (collecting cases), *aff'd*, 752 F. App'x 33 (2d Cir. 2018).  Because the minimum wage is higher and the statute of limitations longer under the NYLL, the Court assesses Plaintiffs' minimum wage claims under the NYLL.  *See Gamero*, 272 F. Supp. 3d at 498 ("If 'a plaintiff is entitled to damages under both federal and state wage law, the [c]ourt has discretion to award [that plaintiff] damages under the statute providing the greatest amount of relief.'" (second alteration in original) (internal quotation marks omitted) (quoting *Hengjin Sun v. China 1221*, *Inc*., No. 12-CV-7135, 2016 WL 1587242, at *2 (S.D.N.Y. Apr. 19, 2016))).  The NYLL has a six-year statute of limitations.  *See* NYLL § 198(3) ("[A]n action to recover upon a liability imposed by this article must be commenced within six years."); *see also Newman v. ASA Coll., Inc*., 754 F. Supp. 3d 521, 538 (S.D.N.Y. 2024) ("The statute of limitations is six years for claims under the NYLL[.]") (adopting report and recommendation); *Galindo v. Yummy Foods Deli Corp.*, No. 21-CV-45, 2024 WL 947283, at *6 (S.D.N.Y. Jan. 17, 2024) ("Under the NYLL,

10

the statute of limitations is six years." (citing NYLL § 198(3))), *report and recommendation adopted*, 2024 WL 515245 (S.D.N.Y. Feb. 9, 2024); *Esquivel v. Lima Rest. Corp.*, No. 20-CV-2914, 2023 WL 6338666, at *5 (E.D.N.Y. Sep. 29, 2023) ("[T]he NYLL establishes a six-year limitations period for wage claims." (citation omitted)), *report and recommendation adopted*, Order adopting Report and Recommendation (E.D.N.Y. Nov. 30, 2023); *Campos Marin v. J&B 693 Corp.*, No. 19-CV-569, 2022 WL 377974, at *5 (S.D.N.Y. Jan. 21, 2022) ("Claims brought pursuant to the NYLL are subject to a six-year statute of limitations. "), *report and recommendation adopted*, *Marin v. J&B 693 Corp.*, 2022 WL 374522 (S.D.N.Y. Feb. 7, 2022).

From 2018 through 2020, Plaintiff worked 42 hours per week, and Defendants paid him $125 weekly. (Compl. ¶¶ 15, 17.) From 2020 through 2025, Plaintiff worked 30 hours per week, and Defendants paid him $125 weekly. (*Id.* ¶¶ 16–17.) Under New York regulations, an employee's "regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings." N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.16. Applying this calculation to Plaintiff's weekly wages, Defendants paid Plaintiff an hourly wage of $2.98 per hour from 2018 through 2020 and $4.17 per hour from 2020 through 2025. Plaintiff filed his Complaint on January 28, 2025, and therefore may recover on his NYLL minimum wage claim for violations occurring on or after January 28, 2019. *See Villanueva v. 179 Third Ave. Rest Inc.*, 500 F. Supp. 3d 219, 233 (S.D.N.Y. 2020) (holding that the plaintiff may recover damages dating back six years prior to the date the plaintiff filed his complaint), *report and recommendation adopted*, 2021 WL 2139441 (S.D.N.Y. May 26, 2021); *Villar v. Prana Hosp., Inc.*, 2017 WL 1333582, at *3 (S.D.N.Y. Apr. 11, 2017) (same), *report and recommendation adopted*, 2018 WL 3579841 (S.D.N.Y. July 25, 2018). During the relevant periods between 2019 and 2025, Defendants paid Plaintiff less than the applicable New York minimum wage. Thus, Plaintiff has sufficiently pled that Corporate Defendant violated the

11

minimum wage provisions of the NYLL for these time periods.

        **d.    Plaintiff has sufficiently alleged an overtime claim against Corporate Defendant**

Both the FLSA and the NYLL provide that employees must be "compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty [hours] per week." *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a); N.Y. Comp. Codes R. & Regs. tit. 12, § 142.2.2); *see also Agramonte v. Pineridge Commc'ns, Inc.*, No. 23-CV-9029, 2024 WL 5399233, at *6 (E.D.N.Y. Dec. 20, 2024) (quoting *Nakahata*, 723 F.3d at 200). Both statutes provide that the regular rate is either the actual rate at which the employee is paid or the statutory minimum wage, whichever is higher. *See* 29 C.F.R. § 778.107 ("The regular rate of pay at which the employee is employed may in no event be less than the statutory minimum."); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (providing that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in" the FLSA); *see also Silva v. Legend Upper W. LLC*, No. 16-CV-3552, 2021 WL 4197360, at *10 (S.D.N.Y. Sep. 14, 2021) (calculating the plaintiffs' overtime rate of pay under the FLSA and the NYLL at one and one-half times the minimum wage). Under the NYLL, a "regular rate" is either the employee's hourly pay or, if the employee is paid on "any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings." N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.16; *see, e.g., Pastuizaca v. Mihwa Jo Corp.*, No. 22-CV-5561, 2025 WL 437929, at *6 (E.D.N.Y. Feb. 8, 2025) (computing a non-hourly worker's regular rate by dividing weekly earnings by hours worked). "Plaintiffs cannot recover unpaid overtime compensation under both statutes for any period of statutory overlap." *Payamps*, 2019 WL

8381264, at \*12; *see Gamero*, 272 F. Supp. 3d at 498 (collecting cases); *see also Brathwaite v. Martini Collections Inc.*, No. 22-CV-4929A, 2025 WL 99108, at \*3 (S.D.N.Y. Jan. 14, 2025) (recognizing as settled that plaintiffs may recover under either FLSA or NYLL, but not both, for the same period), *report and recommendation adopted*, 2025 WL 448040 (S.D.N.Y. Feb. 10, 2025).  Because the overtime wage rate is higher and the statute of limitations longer under the NYLL, the Court assesses Plaintiffs' overtime claims under the NYLL.  *See Gamero*, 272 F. Supp. 3d at 498 ("If a plaintiff is entitled to damages under both federal and state wage law, the [c]ourt has discretion to award [that plaintiff] damages under the statute providing the greatest amount of relief." (second alteration in original) (internal quotation marks omitted) (quoting *Hengjin Sun*, 2016 WL 1587242, at \*2)).

Plaintiff has pleaded his overtime claim with the specificity required by the Second Circuit for the 2019–2020 period.  In support, Plaintiff alleged that during this period, he worked 42 hours a week from 10 P.M. to 6 A.M. for seven days a week and was paid $125 each week.[4] (Compl. ¶¶ 15–18, 20.)  In addition, Plaintiff alleges that "Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week." (*Id.* ¶ 32.) Plaintiff is not merely claiming that he typically or routinely worked over 40 hours a week. Rather, Plaintiff has provided relevant facts to show that each week during the 2019–2020 time period, he worked overtime and was not paid for the overtime hours he worked.[5] *See Anjum v.*

---

[4]  Plaintiff also alleges that Defendant made him "sign a weekly payroll or timesheet, stating he was paid $125.00 per week and $75.00 in tips, even though he hardly was given a tip by drunk customers." (Compl. ¶ 18.)  Even if the Court were to consider that Plaintiff received the tips, Plaintiff would still have worked in excess of 40 hours per week at a rate of $4.76.

[5]  Plaintiff's overtime claim for the 2020–2025 period fails because during this time period, Plaintiff worked only 30 hours per week.  (Compl. ¶ 20.)

13

*J.C. Penney Co.*, No. 13-CV-460, 2014 WL 5090018, at *17 (E.D.N.Y. Oct. 9, 2014) (finding that *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013) and its progeny require only "[a] blend[ of] enough specific facts — the hours worked, the hours paid, the rate of pay, the employment practices at issue, and so forth — to make plausible the existence of at least one given work week of more than forty hours"); *see also Heras v. Metro. Learning Inst., Inc.*, No. 19-CV-2694, 2021 WL 66288, at *5 (E.D.N.Y. Jan. 7, 2021) (denying the defendant's request for dismissal of an overtime claim where the plaintiff claimed that she "virtually always" and "regularly" worked more than 40 hours per week, without a lunch break, but was not paid overtime"); *Humphrey v. Rav Investigative & Sec. Servs. Ltd.*, 169 F. Supp. 3d 489, 496 (S.D.N.Y. 2016) ("[A] successful FLSA overtime claim must be based on 'sufficient factual allegations . . . rather than a general and conclusory allegation as to the number of hours routinely worked — whereby the [c]ourt can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." (internal quotation marks and alterations omitted) (quoting *Bustillos v. Acad. Bus, LLC*, No. 13-CV-565, 2014 WL 116012, at *4 (S.D.N.Y. Jan. 13, 2014))); *Leon v. Port Wash. Union Free Sch. Dist.*, 49 F. Supp.3d 353, 357–58 (E.D.N.Y. 2014) (finding the plaintiff's allegations that she "regularly worked forty hours per week," along with "estimates" that she worked 1.5 to 2 hours per week, stated claim for FLSA overtime violation).  Because Plaintiff has successfully pleaded is overtime claim under FLSA, he has successfully done so under the NYLL.  *See DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 n.5 (2d Cir. 2013) ("[T]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA."); *Copper v. Cavalry Staffing, LLC*, 132 F. Supp. 3d 460, 465 n.2 (E.D.N.Y. 2015) ("Overtime claims under the FLSA and NYLL are subject to the same standards.").  Plaintiff has sufficiently pled that Defendants violated FLSA and NYLL's overtime provision for the 2019–2020 time period only.

14

### e.   Plaintiff's other claims against Corporate Defendant

#### i.   FLSA record keeping claim

Corporate Defendant contends that Plaintiff's record keeping claim is deficient because it is conclusory.  (Defs.' Mem. 10–11.)  In support, Corporate Defendant argues that "[t]he Complaint provides no detail that would allow Corporate Defendant to determine how they allegedly violated the FLSA or NYLL's recordkeeping provisions."  (*Id.* at 11.)

Plaintiff fails to respond to this argument.  (*See generally* Pl.'s Opp'n.)

Section 215 of FLSA makes it unlawful to violate Section 211(c) which governs the record keeping practices of employers.  29 U.S.C. § 215(a)(5); *see Gaughan v. Rubenstein*, 261 F. Supp. 3d 390, 425 (S.D.N.Y. 2017) (adopting report and recommendation) ("29 U.S.C. § 215 makes it 'unlawful' to violate [the] recordkeeping provision of the FLSA." (quoting 29 U.S.C. § 215(a)(5))).  Section 211(c) provides:

> Every employer subject to any provision of this chapter or of any order issued under this chapter shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of this chapter or the regulations or orders thereunder. The employer of an employee who performs substitute work described in section 207(p)(3) of this title may not be required under this subsection to keep a record of the hours of the substitute work.

29 U.S.C. § 211(c); *see Alvarez v. Fine Craftsman Grp., LLC*, No. 20-CV-10452, 2023 WL 2908659, at *7 (S.D.N.Y. Jan. 23, 2023) ("The FLSA requires employers to 'make, keep, and preserve' [adequate and accurate] records [of a plaintiff's wages and hours]." (quoting 29 U.S.C. § 211(c)), *report and recommendation adopted as modified*, 2023 WL 2424145 (S.D.N.Y. Mar. 9, 2023); *Lynch v. City of New York*, 291 F. Supp. 3d 537, 546 (S.D.N.Y. 2018) (noting 29

15

U.S.C. § 211(c) requires "employers subject to the FLSA to 'make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records" (quoting 29 U.S.C. § 211(c))); *Gaughan*, 261 F. Supp. 3d at 425 ("The FLSA requires employers to 'make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him." (quoting 29 U.S.C. § 211(c))).

"[C]ourts have repeatedly found that the FLSA does not authorize employees to bring a private right of action against an employer for failure to abide by the record-keeping requirements of [FLSA] Section 211(c) . . . [r]ather, that authority is vested exclusively with the Secretary of Labor." *Ayala v. Looks Great Servs., Inc.*, No. 14-CV-6035, 2015 WL 4509133, at *6 (E.D.N.Y. July 23, 2015); *see Garcia v. 2390 Creston Realty LLC*, No. 23-CV-1129, 2024 WL 2959254, at *5 (S.D.N.Y. June 11, 2024) (finding that "FLSA does not provide a private right of action to enforce its recordkeeping provisions"); *Jimenez v. W&M Servs. Inc.*, No 22-CV-5061, 2024 WL 1259359, at *4 (E.D.N.Y. Mar. 25, 2024) (noting that plaintiff did not have authority to bring a private action for alleged violations of the FLSA's recordkeeping requirements); *see also Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) ("Under 29 U.S.C. § 216(b), an employee may bring a private action against an employer for unpaid overtime or minimum wages. This provision does not authorize employee suits for violations of FLSA's recordkeeping requirements. Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor.").

Plaintiff has failed to state a claim as to Corporate Defendant's failure to comply with FLSA's record keeping provision because FLSA vests the authority to enforce its record keeping exclusively in the Secretary of Labor. *See Jimenez*, 2024 WL 1259359, at *4 (holding that there is no private cause of action for alleged recordkeeping violations under FLSA); *Marciano v. SJN*

16

*Adjustment Grp., Inc.*, No. 18-CV-5222, 2019 WL 4888569, at \*2 (E.D.N.Y. Sep. 30, 2019)

(same); *Gaughan*, 261 F. Supp. 3d at 425 (S.D.N.Y. 2017) (same).

### ii.    NYLL notice and record keeping claims

Corporate Defendant argues that Plaintiff's notice and record keeping allegations under

the NYLL are deficient because they are "conclusory allegations."  (Defs.' Mem. 10.)

Plaintiff alleges that Defendant violated Sections 195(1) and (3) of the NYLL.  (Compl.

¶¶ 43–48.)

### 1.    Wage notice

The NYLL requires employers to provide a wage notice to an employee at the time of

hiring.  NYLL § 195(1)(a); *see Saltos v. GGI Constr. Corp.*, No. 21-CV-6459, 2022 WL

3108622, at \*5 (E.D.N.Y. July 28, 2022) ("[T]he New York Wage Theft Prevention Act

("WTPA") requires employers to provide a wage notice to an employee at the time of hiring."

(quoting NYLL § 195(1)(a))); *Carter v. Tuttnaeur U.S.A. Co., Ltd.*, 78 F. Supp. 3d 564, 569

(E.D.N.Y. 2015) ("As of April 9, 2011, an employer must provide an employee with a wage

notice within ten business days of the start of employment and then annually every February

thereafter." (quoting *Yuquilema v. Manhattan's Hero Corp.*, No. 13-CV-461, 2014 WL 4207106,

at \*10 (S.D.N.Y. Aug. 20, 2014), *report and recommendation adopted*, 2014 WL 5039428

(S.D.N.Y. Sep. 30, 2014))).  This notice must include, among other things, (1) "the rate or rates

of pay and basis thereof"; (2) "whether paid by the hour, shift, day, week, salary, piece,

commission, or other"; (3) "the regular pay day designated by the employer"; (4) "the name of

the employer"; (5) "any 'doing business as' names used by the employer"; and (6) "such other

information as the commissioner deems material and necessary."  NYLL § 195(1)(a); *see Castro*

*v. Hyper Structure Corp.*, No. 21-CV-1391, 2022 WL 2467242, at \*14 (E.D.N.Y. Mar. 7, 2022)

("Section 195(1)(a) of the NYLL requires employers to provide employees at the time of hiring

17

with a wage notice containing, among other things, the rate of pay, the basis thereof, and the pay schedule."); *Mendez*, 564 F. Supp. 3d at 219 (describing the required contents of the wage notice under § 195(1)).  Under the statute, if a wage notice under section 195(1-a) is not provided "within ten business days of" the employee's "first day of employment," the employee "may recover in a civil action damages of fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."  NYLL § 198(1-b); *see Carter*, 78 F. Supp. 3d at 570 (citing NYLL § 198(1-b)).  Employees who were hired prior to the effective date of New York's Wage Theft Prevention Act's on April 9, 2011 "cannot recover statutory damages for an employer's failure to provide wage notices at the time of hiring, as the WTPA does not apply retroactively.'' *Remache v. Mac Hudson Grp.*, No. 14-CV-3118, 2018 WL 4573072, at *16 (E.D.N.Y. Sep. 7, 2018), *report and recommendation adopted*, 2018 WL 4568860 (E.D.N.Y. Sep. 24, 2018); *see Roma v. David Carmili, Physician, P.C.*, 761 F. Supp. 3d 481, 490–91 (E.D.N.Y. 2024) ("It is well settled in the Second Circuit . . . that the WTPA does not apply retroactively, and employees hired prior to April 9, 2011, when the WTPA took effect, may not recover damages under Section 195(a) of the NYLL."); *Sanchez v. Ms. Wine Shop Inc.*, 643 F. Supp. 3d 355, 372 (E.D.N.Y. 2022) ("[A]n employee who began working before the WTPA took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices." (internal quotation marks omitted) (quoting *Pierre v. Hajar, Inc.*, No. 15-CV-2772, 2018 WL 2393158, at *5 (E.D.N.Y. Mar. 29, 2018))); *Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 659 (E.D.N.Y. 2020) (same).

Plaintiff alleges that he has worked for Defendants for over twenty-two years, (Compl. ¶ 12), making him ineligible to receive wage notice damages because his employment began prior to the enactment of NYLL § 195(1)(a) provisions.  *See Campbell v. Canarsie Plaza Liquor*

18

*Warehouse Corp.*, No. 19-CV-7125, 2022 WL 4539027, at \*6 (E.D.N.Y. July 28, 2022) (recommending dismissal of NYLL wage notice claim where plaintiff "commenced his employment before the wage-notice provision went into effect"), *report and recommendation adopted*, 2022 WL 4539674 (E.D.N.Y. Sep. 28, 2022); *Ying Ying Dai*, 490 F. Supp. 3d at 660 (dismissing NYLL wage notice claim where "plaintiffs were hired before the WTPA's effective date"). Accordingly, the Court dismisses Plaintiff's NYLL wage notice claim pursuant to NYLL § 195(1)(a) for failure to state a claim.

### 2. Wage statement

The NYLL requires employers to give employees a wage statement with each payment of wages. *Castro*, 2022 WL 2467242, at \*14 (citing NYLL § 195(3)). The statement must "contain[] certain information including the hours being compensated, the wages paid, and any deductions." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 598 n.3 (2d Cir. 2020) (citing NYLL § 195(3)); *see Ying Ying Dai*, 490 F. Supp. 3d at 660 ("Under Section 195(3), employers must give their employees accurate wage statements that include the dates and hours worked, the rate of pay and additional details." (citing NYLL § 195(3))). An employee who is not given these statements may "recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." NYLL § 198(1-d); *Fisher*, 948 F.3d at 598 n.3 ("An employee may recover $250 per day for each wage statement violation, up to a maximum of $5,000." (citing NYLL §§ 195(1)(a), 198(1-d))). "Under the NYLL, an employer's 'complete and timely payment of all wages . . . to the employee who was not provided notice' or 'who was not provided statements' serves as an affirmative defense to a wage notice or wage statement claim." *Mendez*, 564 F. Supp. 3d at 219 (quoting NYLL §§ 198(1-b), 198(1-d)).

19

To recover for a wage statement violation in federal court, a plaintiff must demonstrate more than just a defendant's contravention of the wage statement provision because "in suits for damages plaintiffs cannot establish Article III standing by relying entirely on a statutory violation." *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021). "'Standing to sue is a doctrine' that 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.'" *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 183–84 (2d Cir. 2020) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "To establish Article III standing, 'a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief.'" *Liu v. Democratic Nat'l Comm.*, No. 21-CV-3021, 2022 WL 4372587, at *1 (2d Cir. Sep. 22, 2022) (quoting *TransUnion LLC*, 594 U.S. at 423). "An injury in fact must be 'particularized,' and it must be 'concrete.'" *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 442 (2d Cir. 2022) (quoting *Spokeo, Inc.*, 578 U.S. at 340). "[A] bare procedural violation, divorced from any concrete harm," does not "satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc.*, 578 U.S. at 341.

"[S]tanding is required for subject matter jurisdiction." *James v. Willis*, No. 21-501, 2022 WL 481812, at *1 (2d Cir. Feb. 17, 2022) (citing *Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016)). "If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (quoting *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005)); *see Otrompke v. The First Dep't Comm. on Character & Fitness*, No. 20-4107, 2021 WL 5764221, at *1 (2d Cir. Dec. 6, 2021) ("A district court lacks jurisdiction 'when . . . the plaintiff lacks constitutional standing to bring the action.'" (quoting

20

*Cortlandt St. Recovery Corp v. Hellas Telecomms. S.a.r.l.*, 790 F.3d 411, 417 (2d Cir. 2015)));

*see also Davis v. Banana Republic, LLC*, 2023 WL 5152449, at *4 (E.D.N.Y. July 31, 2023) ("A

plaintiff who brings claims in federal court for violations of statutory wage requirements under

the NYLL must have Article III standing in order to establish subject matter jurisdiction."),

*report and recommendation adopted*, 2023 WL 5969597 (E.D.N.Y. Sep. 14, 2023); *Chen v. Lilis

200 W. 57th Corp.*, No. 19-CV-7654, 2023 WL 2388728, at *8 (S.D.N.Y. Mar. 7, 2023) (holding

that the plaintiff lacked standing to bring claims for wage notice and statement claims under the

NYLL); *Sanchez*, 643 F. Supp. 3d at 372–73 (noting in a NYLL wage statement case that a

plaintiff must have standing as to each of their claims "even where the plaintiff has standing to

bring jurisdiction-invoking federal claims").

Plaintiff lacks Article III standing with respect to his wage statement claim.  Plaintiff

claims that "Defendants did not provide [NYLL 195(3)] statements with every payment of his

wages."  (Compl. ¶ 46.)  However, Plaintiff has not alleged any injury resulting from

Defendants' alleged failure to provide him with wage statements and has therefore failed to

establish subject matter jurisdiction for him wage statement claim.  (*See generally*, Compl.)

Accordingly, Plaintiff lacks standing to bring this claim.  *See Guthrie v. Rainbow Fencing Inc.*,

No. 21-CV-5929, 2023 WL 2206568, at *4–7 (E.D.N.Y. Feb. 24, 2023) (dismissing NYLL wage

statement claim where the "[p]laintiff did not link any injury-in-fact that he personally

experienced to Defendants' failure to provide statutory notices under the NYLL"); *Metcalf v.

TransPerfect Translations Int'l, Inc.*, 632 F. Supp. 3d. 319, 341 (S.D.N.Y. 2022) (dismissing a

NYLL wage statement claim for failure to "allege an injury in fact sufficient to establish

standing"); *Sevilla v. House of Salads One LLC*, No. 20-CV-6072, 2022 WL 954740, at *7

(E.D.N.Y. Mar. 30, 2022) (dismissing NYLL wage statement claim for lack of standing where

plaintiffs failed to allege a cognizable injury).  Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's NYLL notice and record keeping claims.

## III. Conclusion

For the reasons stated above, the Court grants in part and denies in part Defendants' motion.  The Court grants Defendants' motion to dismiss Plaintiff's (1) claims against Duque, (2) FLSA record keeping claim, and (3) NYLL notice and record keeping claims.  The Court denies Defendants' motion to dismiss Plaintiff's minimum wage and overtime claims against Corporate Defendant.  The Court grants Plaintiff leave to file an amended complaint within thirty days from the date of this Memorandum and Order to address Duque's employer status and his NYLL wage statement claim.  The Court also directs Plaintiff to specify the exact months in each year he worked for Defendants.

Dated: February 20, 2026
       Brooklyn, New York

SO ORDERED:


    s/ MKB
MARGO K. BRODIE
United States District Judge

22